UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Hosie Williams,** | ) | **CASE NO. 5: 22 CV 1462** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Ohio Adult Parole Authority,** *et al.***,** | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Hosie Williams has filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). He indicates his Petition relates to his 2015 burglary conviction in the Stark County Court of Common Pleas and that the ground for his Petition is that he has been sentenced to "parole/post release control illegally." (*Id*. at 3, ¶ 9(f).) This is the same claim Petitioner previously raised in *pro se* civil rights actions he filed in district court pursuant to 42 U.S.C. § 1983. His prior civil rights cases were dismissed under 28 U.S.C. § 1915(e)(2)(B), and he was advised that to the extent he sought release from the post release control portion of a sentence, his sole federal remedy is a writ of habeas corpus. *See Williams v. Adult Parole Authority*, No. 1: 22-CV-330, 2022 WL 1500546 (N.D. Ohio May 12, 2022) (notice of appeal filed Aug. 9, 2022); *Williams v. State of Ohio*, No. 1: 21-CV-1018, 2021 WL 4060383 (N.D.

Ohio Sept. 7, 2021).[1]

Petitioner has filed an application to proceed *in forma pauperis* in this case (Doc. No. 2), and that motion is granted. For the reasons stated below, however, his Petition is dismissed.

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254, a district court is required to examine a habeas petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" habeas petitions that lack merit on their face).

It is apparent on the face of the Petition that Petitioner is not entitled to federal habeas corpus relief. Before a federal court may grant habeas relief to a state prisoner, the prisoner must demonstrate he exhausted the remedies available to him in state court. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

Petitioner has not demonstrated he fully exhausted his state-court remedies. He indicates in his Petition that he pursued an appeal in the Ohio Court of Appeals but that he further exhausted his claim by virtue of one or both of the civil actions (cited above) he filed in *federal* court. (*See* Doc. No. 1 at 3, ¶ 9(g); 4, ¶ 11(a)). This is insufficient to demonstrate exhaustion. "The exhaustion requirement is satisfied when the highest court in the state in which the

---

[1] Petitioner also filed a prior Petition for Writ of Habeas Corpus in this Court, but this Court dismissed his prior petition without prejudice due to his failure to comply with a deficiency order requiring that he either pay the filing fee or submit an application to proceed *in forma pauperis*. *See Williams v. Black*, No. 5:21-CV-853 (N.D. Ohio Aug. 23, 2021).

petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). Petitioner does not represent that he sought review in the Ohio Supreme Court, the highest court in Ohio, as is required to demonstrate exhaustion.

Further, "[a] petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Cause and prejudice for any failure of Petitioner to present his claim in the Ohio courts pursuant to the state's procedural rules are not reasonably suggested on the face of his Petition.

## Conclusion

Accordingly, the Petition in this matter is dismissed pursuant to the Rule 4 of the Rules Governing § 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11//7/22